UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STATE FARM AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

    Plaintiffs,

v.                                                    Case No: 5:23-cv-153-JSM-PRL

FAKHOURY MEDICAL AND
CHIROPRACTIC CENTER, P.L.L.C.,
RIADH A. FAKHOURY, D.C. and
NAGY SHANAWANY, M.D.,

    Defendants.

## Order

    This matter is before the Court on two discovery motions filed by Plaintiffs, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively "Plaintiffs"). First, Plaintiffs move to compel Defendants, Fakhoury Medical and Chiropractic Center, P.L.L.C ("FMCC"), Riadh A. Fakhoury, D.C. ("Dr. Fakhoury"), and Nagy Shanawany, M.D. ("Dr. Shanawany"), to amend their Rule 26 Initial Disclosures or, as more specifically discussed at the hearing, to strike the section that simply lists all patients they treated that are referenced in the complaint. (Doc. 31). Second, State Farm Mutual moves to compel answers from Dr. Fakhoury as to Interrogatory Nos. 1 & 2 of its First Set of Interrogatories. (Doc. 32). Defendants have filed responses and the Court heard oral argument on September 18, 2023. For the reasons discussed below, both motions are due to be **GRANTED**.

I.     **Background**

In the Complaint, Plaintiffs allege an unlawful scheme orchestrated by Defendants to obtain $2.5 million in Personal Injury Protection ("PIP") and Medical Payments Coverage ("MPC") benefits (collectively, "No-Fault Benefits") from Plaintiffs. The Complaint alleges that FMCC is an unlicensed health care clinic under the Health Care Clinic Act that operates under an exemption from licensure—i.e., when a health care practitioner supervises the clinic's business activities and ensures compliance with all federal and state laws. Fla. Stat. § 400.9905(4)(g). If the owner of an unlicensed clinic fails to operate in accordance with this requirement of Florida law, the clinic is not exempt from licensure and any payments received for the provision of medical care must be disgorged. Fla. Stat. § 400.9935(3).

The Complaint alleges that FMCC operated unlawfully because Dr. Fakhoury—who was the alleged "supervisor"—allowed the following unlawful and fraudulent activity to occur under his supervision:

1) Dr. Shanawany fraudulently provided emergency medical condition ("EMC") determinations for virtually every patient he examined. Under the Florida No-Fault Law, PIP benefits are limited to $2,500 unless there is a determination by a medical doctor (but not a chiropractor) that the injured person sustained an EMC, in which case the injured person is eligible for PIP benefits of up to $10,000. It is alleged that Defendants scheduled an initial examination with Dr. Shanawany at the outset of treatment for every patient and while Dr. Shanawany would diagnose an EMC for most patients, his records did not support such a finding.

2) FMCC billed for services rendered by licensed massage therapists ("LMTs") in violation of section 627.736(1)(a)(5).

3) And, FMCC failed to make a good faith effort to collect copayments and deductibles from patients in violation of section 817.234(7)(a).

The Complaint alleges that as a result of Dr. Fakhoury's failure to supervise and the ongoing fraudulent activity, the payments made by Plaintiffs in this case were unlawfully obtained.

## II.   Discussion

### A.  Rule 26 witness list

Pursuant to Rule 26, a party must provide certain information to other parties without awaiting a discovery request. These initial disclosures include "the name, address, and telephone number of any individual who is likely to have discoverable information, together with the subjects of such information, that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). The attorney or party making disclosures pursuant to Rule 26(a)(1) must sign those disclosures, thereby certifying that "to the best of the signer's knowledge, information, and belief, formed after a *reasonable inquiry,* the disclosure is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1) (emphasis added).

Defendants served their Initial Disclosures on June 8, 2023, including *inter alia* a catch-all category of:

> FMCC patients referenced in the Complaint and exhibits thereto, including any treated during this case's pendency and for whose treatment FMCC has sought or may seek reimbursement of PIP benefits from State Farm.

Doc. 31-1 at 6. Defendants identified the same eight subjects of information as to the entire category of patients. Plaintiffs argue that this generic designation of witnesses and the failure to individualize subjects of information violates Rule 26. The Court agrees.

Rule 26 initial disclosures require the disclosing party to identify, after a reasonable inquiry, those witnesses who the party "believes in good faith, at an early stage of the litigation, it 'may use' to support its claims or defenses." *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015); see also, *Securities and Exchange Commission v. Montano*, No. 6:18-cv-1606-Orl-31GJK, 2019 WL 2254946, *2 (M.D. Fla. March 5, 2019) ("The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses."). The Rule "does not contemplate generic disclosures nor does it permit a party to provide an undifferentiated list of possible witnesses who may have information in support of that party's claim." *Cohen v. Public Service Company of Colorado*, 2015 WL 6446948, at *4 (D. Colorado Oct. 26, 2015). The purpose of the Rule 26(a) disclosures is to allow for adequate case preparation and to foreclose unfair surprises. *Montano*, 2019 WL 2254946, at * 2.

Here, Defendants' generic category captures 569 patients identified in the Complaint and attached exhibits, as well as any future patients who may treat with FMCC during the pendency of the case. Courts have "routinely found broad categorizations of witnesses" such as this to be deficient under Rule 26. *United States ex rel. Reddell v. DynCorp Int's LLC*, No. 1:14-cv-86, 2021 WL 3406612, at *2 (E.D. Tex. Jan 21, 2021) (collecting cases) (finding category of witnesses in initial disclosure—"all DCMA and other government employees responsible for . . . or otherwise involved with the DynCorp prime contract under LOGCAP IV"—to be impermissible under Rule 26). See also, *State Farm Mutual Auto. Ins. Co. v. Complete Care Centers*, No.6:20-cv-1240-WWB-EJK, 2022 WL 20439273, at *3 (M.D. Fla. Nov. 23, 2022) (finding generic category—"All State Farm insureds involved in the claims at issue in this action"—

to be deficient under Rule 26 because it was "far too vague for any reasonable person to glean any meaningful information regarding [Mr.] Kowalski, or any other insured patient").

Defendants do not claim that the disclosure of the "FMCC patients" was made after conducting any sort of inquiry, nor do they suggest that they have reason to believe that any (or all) of the hundreds of patients may be used in support of their defenses. To the contrary, at the hearing, defense counsel explained that he included every patient to ensure that he could call as a witness any patient upon whom Plaintiffs ultimately focus. In particular, he argued that based on his experience, Plaintiffs' experts will likely identify specific patients in their reports. This rationale underscores Defendants lack of inquiry and disregard for the law regarding initial disclosures. When, as here, "a party is unwilling to conduct a reasonable inquiry in advance of making Rule 26(a)(1) disclosures, that party cannot defeat the purposes of Rule 26(a)(1) simply by providing a laundry list of undifferentiated witnesses." *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colorado 2004). Moreover, discovery closes more than two months after the deadline for Plaintiffs' expert reports and Rule 26 specifically provides that a party will supplement or correct their initial disclosures as facts develop. Thus, Defendants are not precluded from adding patients (disclosed in the expert reports) to their witness list so long as they do so within a timely manner during the discovery period.

Accordingly, because the generic, undifferentiated category of FMCC patients fails to comply with Rule 26, it is hereby **STRICKEN** from Defendants' Initial Disclosures (Doc. 31-1 at 6).[1]

---

[1] In the motion, Plaintiffs ask the Court to compel Defendants to narrow the individuals listed on their Rule 26 witness list. At the hearing, Plaintiffs' counsel asked the Court to *strike* the category of FMCC patients from the Initial Disclosures. The Court agrees that striking the category of patients is the best solution. Of course, Defendants are always free to serve a revised witness list consistent with Rule 26(a)(1)—i.e., a list including only those witnesses they now believe in good

**B.      Interrogatories**

Dr. Fakhoury objected to Interrogatory Nos. 1 & 2—which seek information relating to businesses he owns and where he was employed or engaged to work from October 1, 2017 to the present—on the ground that the interrogatories are irrelevant.[2] Specifically, Dr. Fakhoury contends that the discovery improperly seeks irrelevant information about business ventures that have nothing to do with FMCC, State Farm, or even the health care services industry more broadly.

Pursuant to Federal Rule of Civil Procedure 26(b), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Court agrees that the requested discovery is relevant to State Farm's allegations that Dr. Fakhoury failed to supervise FMCC's business activities and ensure its compliance with state and federal law. Dr. Fakhoury's involvement in outside business ventures bears directly on the time he had available to supervise FMCC. Moreover, Dr. Fakhoury's ownership interest in and engagement with other businesses is relevant to determining who financially benefitted from the alleged fraudulent scheme, how the funds were dispersed, and the identity of others who may have participated in the scheme, all of which bear on Dr. Fakhoury's motive and intent to defraud State Farm Mutual. *See e.g., State Farm Mutual Automobile Ins. Co. v. Mcgee*, No. 10 Civ. 3848, 2012 WL 8281725, at *2-4 (E.D. NY Feb. 21, 2012) (compelling physician alleged to have submitted fraudulent bills to State Farm to produce bank records, personal tax returns,

---

faith they may use to support a defense.
    [2] Dr. Fakhoury confirmed in his response that his only remaining objection to Interrogatory No. 1 is relevance. *See* Doc. 38 at 7.

and financial information for other businesses owned as relevant to motive, profits from scheme, and financial relationship between defendants).

Accordingly, Plaintiffs' motion to compel (Doc. 32) is **GRANTED**. Dr. Fakhoury's relevancy objections are overruled and he shall serve State Farm Mutual with full and complete responses to Interrogatory Nos. 1 and 2 within **10 days**. The Court defers ruling on the request for attorney's fees pursuant to Rule 37(a)(5)(A) at this time.

**DONE** and **ORDERED** in Ocala, Florida on September 22, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties